IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

JOHN COLE and JAMES ROBERT )
ELLIS, )
 )
      Plaintiffs, )
 )
v. )    Case No. CIV-07-1027-L
 )
CSC APPLIED TECHNOLOGIES, LLC, )
a foreign limited liability company, )
 )
      Defendant. )

**O R D E R**

Plaintiffs John Cole and James Ellis bring this action for money damages

against defendant CSC Applied Technologies, LLC, their former employer at

Vance Air Force Base in Enid, Oklahoma.  Plaintiffs' claims arise out of the

termination of their employment.  This matter is before the court on defendant's

Motion to Partially Dismiss the Complaint **[Doc. No. 21]** in which defendant seeks

dismissal of Counts III and IV of plaintiffs' Second Amended Complaint pursuant

to Fed. R. Civ. P. 12(b)(6) on the grounds that these claims fail to state a claim

upon which relief can be granted.  Count III alleges an unreasonable intrusion

upon the seclusion of plaintiff Ellis; Count IV alleges negligence and gross

negligence in connection with an investigation related to plaintiffs' former

employment.  Plaintiffs filed a response to the motion and defendant has filed a

reply brief.  In addition, plaintiffs were granted leave to file a supplemental

response to the dismissal motion, to which defendant has responded.  The court

has reviewed the entire Second Amended Complaint, particularly the background

facts and Counts III and IV as alleged by plaintiffs, as well as the submissions

and legal arguments of the parties.  Based upon this review, the court determines

that the Motion to Partially Dismiss the Complaint should be granted.

In considering a motion for dismissal under Rule 12(b)(6), the court

assumes the truth of the plaintiff's well-pleaded factual allegations and views

them in the light most favorable to the plaintiff.  Beedle v. Wilson, 422 F.3d 1059,

1063 (10th Cir. 2005).  In order to survive a motion to dismiss under Rule

12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is

plausible on its face."  Bell Atlantic v. Twombly, 127 S.Ct. 1955, 1974 (2007).  If

the plaintiff fails to nudge its claims across the line from conceivable to plausible,

the complaint must be dismissed.  Id.

In Count III of the Second Amended Complaint, it is alleged that defendant

intruded into the seclusion of plaintiff James Ellis.  The specific allegations

contained in Count III are as follows (paragraph numbering as in Second

Amended Complaint):

> 40.    James Ellis was employed with CSC Applied Technologies as
> the Director of Civil Engineering for the Vance Air Force Base contract in
> November of 2006.
> 41.    Chuck Taylor, acting on behalf of CSC Applied Technologies,

spoke with a reporter employed by the *Enid News & Eagle*, a newspaper widely circulated in Enid and throughout northwest Oklahoma and available worldwide on the internet.

42.     CSC Applied Technologies informed the reporter that James Ellis was no longer employed by CSC Applied Technologies.  On November 10, 2006, an article was published and circulated throughout northwest Oklahoma, and worldwide on the internet, stating that Hank (James) Ellis "has left his post as head of civil engineering at CSC."

43.     James Ellis had a reasonable expectation of privacy that the information would not be disseminated to the reporter and then to all readers of the newspaper in northwest Oklahoma or the visitors to the website throughout the world.

44.     The intrusion by CSC Applied Technologies was done without privilege or justification.

45.     The intrusion was of such magnitude that any ordinary person would feel humiliated, shamed and outraged.

46.     The intrusion caused harm to the plaintiff and as such he is entitled to compensatory damages.

47.     The actions of CSC [Applied] Technologies were willful, wanton, and malicious in nature and hence James Ellis seeks punitive damages.

"One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person."  Munley v. ISC Financial House, Inc., 584 P.2d 1336, 1339-40 (Okla. 1978) (adopting quoted language of RESTATEMENT (SECOND) OF TORTS

§ 652B. INTRUSION UPON SECLUSION).  The Oklahoma Supreme Court has

identified the following two necessary elements of this claim: (1) a nonconsensual

intrusion, (2) which is highly offensive to a reasonable person.  Even assuming

that the alleged intrusion was nonconsensual, the court finds as a matter a law

that the statement that Ellis had "left his post as head of civil engineering at CSC"

is not highly offensive to a reasonable person.

In Setzer v. Farmers Insurance Company, Inc., 2006 WL 1720186 (10th

Cir. June 23, 2006), the Tenth Circuit found that an insurer's conduct in securing

the plaintiff's gynecological records that disclosed private matters of which even

Ms. Setzer's husband was unaware "could not have been found highly offensive

to a reasonable person."  Id. at *6-7.  In Doe v. Brundage-Bone Concrete

Pumping, Inc., 2006 WL 2472850 (W.D. Okla. Aug. 23, 2006), a representative of

the plaintiff's former employer appeared at a hospital and requested and obtained

several of the plaintiff's billing records, although the representative did not have a

medical release from the plaintiff.  The improperly obtained medical records

allegedly disclosed that the plaintiff had been treated for HIV.  Id. at *1-2.  Judge

Cauthron found that the conduct complained of by Mr. Doe was "no more

offensive than what allegedly occurred in Setzer."  Id. at *4.  In comparing the

facts of the Setzer and Doe cases to the present case, the court concludes that

the statement in the newspaper article that Mr. Ellis had "left his post as head of

civil engineering at CSC" is less offensive and is insufficient to support a claim for

intrusion upon seclusion.

Contrary to the arguments of Ellis, the newspaper article itself does not
indicate that Ellis was fired nor does it reasonably suggest that he was implicated
in any misconduct or malfeasance.  In this regard, the court agrees with
defendant that Ellis' arguments attempt to add language to what was actually
stated in the article, and are based on his subjective feelings about the article.
The court need not speculate on what was not contained in the article.  Based
upon the allegations of Count III, the court has no difficulty in finding that Ellis'
reaction to the innocuous statement reported in the newspaper reflects a level of
hypersensitivity that the court finds would not be shared by a reasonable person.
Nothing contained in the statement appearing in the newspaper can plausibly
support a claim for unreasonable intrusion upon seclusion.  Even viewed in a light
most favorable to plaintiff and accepting the allegations of this claim, as set forth
above, as true, the court finds an insufficient basis to support a finding that
defendant's conduct was highly offensive to a reasonable person.  Accordingly,
Count III of the Second Amended Complaint should be dismissed.

Turning to Count IV of the Second Amended Complaint, plaintiffs'
allegations of "Negligence and Gross Negligence" are as follows (paragraph
numbering as in Second Amended Complaint):

48.    On November 7, 2006, CSC Applied Technologies employees
Joe Estill and Mike Button came to Vance Air Force Base in Enid,

Oklahoma and, while acting in the course and scope of their employment, conducted an investigation into allegations made by a CSC Applied Technologies employee.

49.    CSC Applied Technologies, acting through Joe Estill and John Cole, owed James Ellis and John Cole a duty of care of a reasonable investigator to investigate the allegations thoroughly and exhaustively.

50.    CSC Applied Technologies, acting through Joe Estill and John Cole, breached that duty by conducting a sloppy and superficial inquiry into the matter, accepting the allegations made by the employee as true.

51.    On November 7, 2006, John Cole and James Ellis were told that they were fired "for cause" as a result of the findings of the negligent investigation.

52.    If CSC Applied Technologies would have conducted an adequate investigation into the allegations, James Ellis and John Cole would not have suffered injuries.

53.    James Ellis and John Cole were injured as a result of the negligent actions of CSC Applied Technologies and as such are entitled to damages.

In analyzing this claim under the appropriate standard, the court finds that Count IV fails to state a claim upon which relief may be granted.  As noted by defendant, the Tenth Circuit has declined, under Oklahoma law, to recognize a negligent-investigation tort in the employment context, finding that any such claim would "conflict with Oklahoma's employment-at-will doctrine."  Vice v. Conoco,

Inc., 150 F.3d 1286, 1291-92 (10th Cir. 1998).[1]

Plaintiffs' reliance on Ishmael v. Andrew, 137 P. 3d 1271 (Okla. Civ. App.

2006) is unavailing.   Ishmael concerned an allegation by a former employee that

he was terminated as a result of a negligent investigation conducted by an

investigator hired by his employer.  For this argument, Ishmael relied primarily on

Brown v. State Farm Fire and Casualty Company, 58 P.3d 217 (Okla. Civ. App.

2002) which held that it is the law in Oklahoma that independent insurance

investigators owe a duty to the insured as well as to the insurer to conduct a fair

and reasonable investigation of an insurance claim.  However, the court in

Ishmael clearly stated that insurance cases such as Brown did not apply "because

the duty an insurer, or its agents, owes to its insureds who have paid for the

benefit of the insurance contract, is unlike any duty an employer or its agent owes

to an at-will employee in investigating workplace misconduct."  Ishmael, 137 P. 3d

at 1275 (footnote omitted).  The Ishmael court specifically noted that there is no

implied covenant of good faith and fair dealing in an at-will employment contract.

Id. at 1275, note 7 (citation omitted).  Plaintiffs' claim for negligence and gross

negligence in connection with the investigation conducted by their employer prior

---

[1]      Although the Second Amended Complaint avoids specifically alleging that the plaintiffs
were at-will employees of CSC Applied Technologies, plaintiffs have not meaningfully contradicted their at-
will employment status.  Plaintiffs' written employment offer letters are attached as Exhibits 2 and 3 to the
Memorandum in Support of CSC Applied Technologies, LLC's Motion to Partially Dismiss the Complaint
[Doc. No. 22] and clearly indicate that plaintiffs were at-will employees.  These documents have not been
disputed by the plaintiffs.  Where an undisputed document aids the court by supplementing a factually
inadequate complaint, the document is properly considered on a Rule 12(b)(6) motion to dismiss.  Hall v.
Bellmon, 935 F.2d 1106, 1112-13 (10th Cir. 1991).

to their termination is thus foreclosed by Oklahoma law.  Accordingly, Count IV of the Second Amended Complaint must be dismissed for failure to state a claim.

Accordingly, for the above reasons, defendant's Motion to Partially Dismiss the Complaint **[Doc. No. 21]** is **GRANTED.**  Counts III and IV of plaintiffs' Second Amended Complaint are **DISMISSED** pursuant to Fed. R. Civ. P. 12(b)(6).

It is so ordered this 9th day of July, 2008.

TIM LEONARD
United States District Judge